more consistent application of the rule of lenity, thus leaving it to the Legislature to make its intentions plain and explicit to the degree that it favors more punitive approaches. *Accord, e.g., Commonwealth v. Booth,* 564 Pa. 228, 234, 766 A.2d 843, 846 (2001) (explaining that, "where ambiguity exists in the language of a penal statute, such language should be interpreted in the light most favorable to the accused" (citing *Commonwealth v. Wooten,* 519 Pa. 45, 53, 545 A.2d 876, 879 (1988))).[4] In this vein, I regard some of the courts' efforts to draw firm conclusions from ambiguous language to be problematic in their own right.

For the above reasons, I would affirm the order of the Superior Court.

### ORDER

PER CURIAM.

**AND NOW,** this 15th day of August, 2016, the Order of the Commonwealth Court is **AFFIRMED.**

---

### COMMONWEALTH of Pennsylvania, Appellant

v.

### Damion WALKER, Appellee.

Supreme Court of Pennsylvania.

Aug. 15, 2016.

Hugh J. Burns, Jr., Philadelphia District Attorney's Office, for appellant Commonwealth of Pennsylvania.

Berto M. Elmore, for appellee Damion Walker.

---

### Richard ULRICH, Appellant

v.

### Governor Tom WOLF, Secretary John Wetzel, Superintendent Tammy Ferguson, Appellees.

Supreme Court of Pennsylvania.

Aug. 15, 2016.

---

4. I acknowledge that there is a trend toward diluting the rule of lenity. *See, e.g., Muscarello v. United States,* 524 U.S. 125, 138–39, 118 S.Ct. 1911, 1919, 141 L.Ed.2d 111 (1998) (indicating that the rule applies only when a criminal statute contains a "grievous ambiguity or uncertainty," and "only if, after seizing everything from which aid can be derived," the Court "can make 'no more than a guess as to what Congress intended'" (citations omitted)). For my own part, given the substantial liberty interests involved, I remain a closer adherent to the more traditional formulations. *See, e.g., United States v. Wiltberger,* 18 U.S. 76, 105, 5 Wheat. 76, 5 L.Ed. 37 (1820) ("[P]robability is not a guide which a court, in construing a penal statute, can safely take.").

## *ORDER*

PER CURIAM.

AND NOW, this 15th day of August, 2016, the Order of the Philadelphia County Court of Common Pleas is **AFFIRMED.**

MEYER–CHATFIELD
CORP., Appellee

v.

BANK FINANCIAL SERVICES GROUP, Steven Goldberg, David Payne, Arnold Winick, William Borchert and Daniel Barbaree, Appellants.

Meyer–Chatfield Corp. and Meyer Chatfield Administrative Services, LLC, Appellees

v.

Bank Financial Services Group, Steven Goldberg, David Payne, Arnold Winick, William Borchert and Daniel Barbaree, Appellants.

Meyer–Chatfield Corp., Appellee

v.

Bank Financial Services Group, Steven Goldberg, David Payne, Arnold Winick, William Borchert and Daniel Barbaree, Appellants.

Meyer–Chatfield Corp. and Meyer Chatfield Administrative Services, LLC, Appellees

v.

Bank Financial Services Group, Steven Goldberg, David Payne, Arnold Winick, William Borchert and Daniel Barbaree, Appellants.

Meyer–Chatfield Corp., Appellee

v.

Bank Financial Services Group, Steven Goldberg, David Payne, Arnold Winick, William Borchert and Daniel Barbaree, Appellants.

Meyer–Chatfield Corp., Appellee

v.

Bank Financial Services Group, Steven Goldberg, David Payne, Arnold Winick, William Borchert and Daniel Barbaree.

Appeal of Joseph Byrd and David Schwartz.

Meyer–Chatfield Corp., Appellee

v.

Bank Financial Services Group, Steven Goldberg, David Payne, Arnold Winick, William Borchert and Daniel Barbaree, Appellants.

Meyer–Chatfield Corp. and Meyer Chatfield Administrative Services, LLC, Appellees

v.

Bank Financial Services Group, Steven Goldberg, David Payne, Arnold Winick, William Borchert and Daniel Barbaree, Appellants.

Meyer–Chatfield Corp.

v.

Bank Financial Services Group, Steven Goldberg, David Payne, Arnold Winick, William Borchert and Daniel Barbaree.

Meyer–Chatfield Corp. and Meyer Chatfield Administrative Services, LLC

v.